IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KEVIN M. McGUINNESS,

      Plaintiff,

vs.                                   No. CIV 97-437 MV/LCS

REGENTS OF THE UNIVERSITY
OF NEW MEXICO, et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendants' Motion for Immediate Dismissal, filed August 5, 1997 **[Doc. No. 11]**.  The Court, having reviewed the responsive pleadings, relevant law, and being otherwise fully informed, finds that the motion is well taken and will be **granted**.

### Background

Although there is some dispute on whether Mr. McGuinness ceased being a student at the University of New Mexico Medical School of his own accord, Mr. McGuinness, in a prior action in this Court, sued the medical school for alleged violations of the Americans with Disabilities Act, 42 U.S.C. § 12101, on November 27, 1995, claiming that the school refused to accommodate his test anxiety disability and failed to promote him past his first year as a student. This Court, in response to a summary judgment motion, dismissed Mr. McGuinness' 1995 action with prejudice, holding that Mr. McGuinness was neither an employee of the medical school nor entitled, under the circumstances of his case, to the protection of the ADA.  Mr. McGuinness has

appealed this ruling.

Mr. McGuinness now directs his attention not to the medical school, but to the University's equal opportunity programs and some of its constituent members.  Defendants here were involved in Mr. McGuinness' administrative appeal of his dismissal.  In the present complaint, filed April 2, 1997, Mr. McGuinness alleges that the Office of Equal Opportunity Programs ignored his complaints of discrimination, and when compelled to investigate them by the United States Department of Education only performed a cursory inquiry, failing to interview his witnesses and ultimately exonerating the medical school from any discriminatory action in a November 30, 1994 letter of determination.  Mr. McGuinness further alleges that the hearing panel convened to review this determination denied him due process rights, and that Defendants retaliated against him for bringing his complaints.  The University's Office of Equal Opportunity Programs and Affirmative Action Programs Committee Hearing Panel upheld the finding of the letter of determination on March 30, 1995.  On April 14, 1995, the acting president of the University refused to upset this outcome.

Defendants respond by denying Mr. McGuinness' substantive allegations and claiming that res judicata flowing from the first litigation prevents the present one from continuing.

**Discussion**

In ruling on this motion, the Court considers all facts Mr. McGuinness has averred as true and construes them in a light most favorable to the plaintiff, Fuller v. Norton, 86 F.3d 1016, 1020 (10th Cir.1996), for although Defendants have not specifically invoked Rule 12(b)(6), Defendants filed their motion at an early stage in the proceeding and have sought dismissal, making this posture appropriate.

Because the prior action was one in federal court involving federal law, the Court applies federal principles of res judicata. <u>Valley Improvement Association, Inc. v. United States Fidelity and Guarantee Corp.</u>, 129 F.3d 1108, 1120 (10th Cir. 1997); <u>Petromanagement Corp. v. Acme-Thomas Joint Venture</u>, 835 F.2d 1329, 1332-33 (10th Cir. 1988). Intended to relieve parties of the costs and vexation of multiple litigation, <u>Satsky v. Paramount Communications, Inc.</u>, 7 F.3d 1464, 1467 (10th Cir. 1993), and "to secure the peace and repose of society by the settlement of matters capable of judicial determination," <u>Southern Pacific R. Co. v. United States</u>, 168 U.S. 1, 49 (1897), res judicata "requires the satisfaction of four elements: (1) the prior suit must have ended with a [final] judgment on the merits; (2) the parties must be identical or in privity; (3) the [present] suit must be based on the same cause of action; and (4) the plaintiff must have had a full and fair opportunity to litigate the claim in the prior suit." <u>Nwosun v. General Mills Restaurants, Inc.</u>, 124 F.3d 1255, 1257 (10th Cir. 1997), <u>cert.</u> <u>denied</u>, 118 S.Ct. 1396 (1998).

While Mr. McGuinness argues otherwise, he can not escape the conclusion that the Court's dismissal with prejudice of his 1995 action constitutes a final judgment on the merits. <u>See Clark v. Haas Group, Inc.</u>, 953 F.2d 1235, 1238 (10th Cir. 1992), <u>cert.</u> <u>denied</u>, 506 U.S. 832 (1992). Mr. McGuinness relies on the fact that he has appealed the prior judgment to evade the finality element, yet it is hornbook law that an appeal will not normally affect preclusion. 18 Moore's Federal Practice § 131.30[2][c] (1998). Mr. McGuinness has offered nothing else that would cause the Court to deviate from this rule. The first element, therefore, is met.

The second requirement, that the parties be identical or in privity, also is met here. Defendants suggest, by citing to New Mexico law, that although Mr. McGuinness only sued the medical school in 1995 and now sues the Regents and various other officials or entities, Mr.

McGuinness has in both instances sued the same party, the University of New Mexico. Defendants also argue that the medical school can not, under New Mexico law, be considered separately from the Regents of the University and that the medical school and the Regents are in privity.  Mr. McGuinness, remaining tacit on the issue of privity, replies that there is no identity of the parties between the first and second litigation, because in the present litigation he does not seek recovery against the medical school, and explains that this case is entirely against the Office of Equal Opportunity Programs and associated officials.

Without deciding whether a suit against the medical school is identical to a suit against the University, as Defendants allege, the Court finds that at a minimum privity exists between the medical school and Defendants.  The existence of privity depends on case by case analysis, for "[t]here is no definition of 'privity' which can be automatically applied to all cases involving the doctrines of res judicata and collateral estoppel." Satsky 7 F.3d at 1468.  Rather, "privity depends upon the circumstances, ... [and]... may be established if the party to the first suit represented the interests of the party to the second suit." Id. at 1469 (citations omitted); see also Lowell Staats Mining Co., Inc. v. Philadelphia Elec. Co., 878 F.2d 1271, 1274-75 (10th Cir. 1989); Rex v. Manufactured Housing Committee of State of New Mexico, 892 P.2d 947, 954 (N.M. 1995).  Under New Mexico law, the management and control of the University of New Mexico is vested in a board of regents.  N.M. Stat. Ann. § 21-7-3 (Michie 1996).  Such control necessarily includes control of mandated departments of the University, including the medical school and other departments.  Id. § 21-7-8.  The board constitutes a body corporate which has the right of suing and being sued.  Id. § 21-7-4.  The Court has not found, in New Mexico law, an independent status for the medical school.  Against these indicia demonstrating that the medical

4

school substantially represented the interests of the Regents and their agents, Mr. McGuinness

only argues that the Office of Equal Opportunities Programs, by virtue of its responsibility to

investigate discrimination complaints, must enjoy significant autonomy and independence from

any other entity within the university setting.  While this may be desirable policy and reflect the

operations of that office, it does not detract from the persuasive showing of the Regents' broad

powers and responsibilities.  The Court concludes, therefore, that privity exists between the

University of New Mexico Medical School, the named party in the 1995 litigation, and

Defendants here.

Defendants also have demonstrated that the third requirement for res judicata, that the

prior suit be based on the same cause of action, is met.  The Nwosun court recently reaffirmed

that the Tenth Circuit "embraces the transactional approach to the definition of 'cause of action.'"

Nwosun, 124 F.3d at 1257, citing Petromanagement, 835 F.2d at 1335.  With this approach, "a

cause of action includes all claims or legal theories of recovery that arise from the same

transaction, event, or occurrence.  All claims arising out of the transaction must therefore be

presented in one suit or be barred from subsequent litigation."  Nwosun, 124 F.3d at 1257.  To

determine what constitutes a transaction, event, or occurrence the Tenth Circuit has relied heavily

on the Restatement (Second) of Judgments:

> What factual grouping constitutes a 'transaction,' and what groupings
> constitute a 'series,' are to be determined pragmatically, giving weight to
> such considerations as whether the facts are related in time, space, origin,
> or motivation...  The expression 'transaction, or series of connected
> transactions,' is not capable of a mathematically precise definition; it
> invokes a pragmatic standard to be applied with attention to the facts of the
> cases.  And underlying the standard is the need to strike a delicate balance
> between, on the one hand, the interests of the defendant and of the courts
> in bringing litigation to a close and, on the other, the interest of the plaintiff

5

in the vindication of a just claim.

Petromanagement, 835 F.2d at 1335, quoting Restatement § 24 and commentary.

Applying this standard to the facts now before the Court shows that Mr. McGuinness here has

alleged the same cause of action as in the 1995 litigation.

At the root of Mr. McGuinness' displeasure is his dismissal from the University of New

Mexico Medical School.  The school's failure to promote him past the first year of study, despite

his informing them of his alleged disability and maintaining that he met the qualifications for

promotion, led him to complain to the Office of Equal Opportunity Programs.  That office's

handling of his claim, and its final determination, also aggrieves Mr. McGuinness.  Had this

determination been favorable to Mr. McGuinness, the medical school would have promoted him

to second year status.  It is clear, therefore, that the events complained of are so related in time,

space, and origin to constitute a transaction for purposes of res judicata.[1]

Mr. McGuinness strenuously argues against this conclusion, claiming that whereas the first

suit involved action by the medical school, the present litigation focuses on discrimination and

retaliation by the equal opportunity office and appellate panel.  Such minute parsing of claims can

not allow Mr. McGuinness to prevail, because to allow this claim splitting would encourage

piecemeal litigation.

Moreover, the Court is mindful that Mr. McGuinness had all relevant facts at his

command when he filed his November, 1995 complaint, and ample time to consider the totality of

the circumstances of his dismissal.  By then final action on the part of the University was seven

---

[1]  Mr. McGuinness makes much of his discovery, in July, 1997 of an alleged alteration of his academic records, charging that such alteration was retaliatory.  The Court has already denied Mr. McGuinness' motion to amend his complaint to include this allegation, however, thus making it moot for purposes of this motion.

6

months old.  Discovery in the 1995 action, originally scheduled to end on June 14, 1996, was extended to July 15, 1996.  Mr. McGuinness' changing attorneys some six months after the filing of the complaint afforded a new look at the case as filed.  There was nothing preventing Mr. McGuinness, then, from moving to amend his original complaint to include Defendants then who are here now.

These facts make even more compelling the application of the rule that res judicata should be a bar to claims that could have been brought in the first litigation.  See Brown v. Felsen, 442 U.S. 127, 131 (1979); Clark, 953 F.2d at 1238.  In striking the delicate balance between the interests of Mr. McGuinness and the interests of Defendants, the Court concludes that this litigation is needlessly duplicative, for Mr. McGuinness could have brought the parties he now sues into his first litigation.  That he did not do so through oversight or tactical choice can not now inure to his benefit and to the detriment of the University, who must once again enter the fray to defend itself.

The Court also concludes that Mr. McGuinness had a full and fair opportunity to litigate his claims in the prior suit.  In examining this last element, the Court focuses on fundamental fairness, guided by a sense of justice and equity, Sil-Flo, Inc. v. SHFC, Inc., 917 F.2d 1507,  1521 (10th Cir. 1990), citing Blonder-Tongue Laboratories, Inc. v. University of Ill. Found., 402 U.S. 313, 334 (1971), and looking to "whether there were significant procedural limitations in the prior proceeding, whether the party had the incentive to litigate fully the issue, or whether effective litigation was limited by the nature or relationship of the parties."  Sil-Flo, 917 F.2d at 1521.

The record of the 1995 action reveals no procedural limitations.  The medical school moved for summary judgment several weeks after the close of an unremarkable, yet acrimonious,

discovery.  Discovery violations which Mr. McGuinness' counsel may have engaged in during this

first litigation became moot after the Court's dismissal.   In addition, Mr. McGuinness, seeking

reinstatement to the medical school along with damages, had every incentive to litigate all issues

surrounding his dismissal expeditiously.  Finally, since all dismissal proceedings against Mr.

McGuinness had been, by the time of his filing of the 1995 complaint, concluded for several

months, effective litigation could not have been limited by the nature of his relationship with the

medical school or other university agencies.

   **THEREFORE,**

   **IT IS HEREBY ORDERED,** that Defendants' Motion for Immediate Dismissal, filed

August 5, 1997 **[Doc. No. 11]** be, and hereby is, **granted**.

   **IT IS FURTHER ORDERED** that this entire action be, and hereby is, **dismissed with**

**prejudice**.

                _____

                MARTHA VÁZQUEZ
                UNITED STATES DISTRICT JUDGE

July 28, 1998

Counsel for Plaintiff         Counsel for Defendants

Dennis W. Montoya , Esq.       Paul M. Schneider , Esq.
                Paul R. Ritzma , Esq.